IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIZETH PINOTH, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:14-cv-01803 |
| | : | |
| ERIC H, HOLDER, at al. | : | Hon. John E. Jones III |
| | : | |
| Respondents. | : | |

### MEMORANDUM

### January 29, 2015

Petitioner Lizeth Pinoth, formerly a detainee of Immigration and Customs Enforcement ("ICE") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her detention by ICE pending removal from the United States.  (Doc. 1).  For the reasons set forth below, the petition will be dismissed.

**I.     Background**

Pinoth, a native and citizen of Honduras, first entered the United States on or about May 30, 2004.  (Doc. 7, Ex. 1).  Thereafter, Pinoth was removed from the country, but subsequently reentered without authorization at an unknown date and location.  Id. at Ex. 2.  Pinoth was again removed from the United States, and again reentered without authorization on March 9, 2014 near Hidalgo, Texas.  Id. at Ex. 3.  On March 16, 2014, Pinoth's previous order of removal was reinstated.  Id.

On September 16, 2014, Pinoth filed a petition for writ of habeas corpus with this Court alleging that her continued detention pending removal from the United States was contrary to the United States Supreme Court's holding in Zadvydas v. Davis, 533 U.S. 678 (2001). (Doc. 1). Pinoth does not challenge the underlying order of removal. Id. Pinoth requests that this Court order her release from ICE custody pending removal from the United States. Id. On January 28, 2014, Respondents filed a suggestion of mootness, arguing that Pinoth's petition is moot because she has been removed from the United States. (Doc. 8).

## II.    Discussion

Article III of the United States Constitution limits federal courts to the adjudication of only ongoing cases and controversies. U.S. Const. art. III, § 2, cl. 1. If at any time a petitioner does not have a "personal stake in the outcome" of the suit, "the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court had addressed the merits of the petition." DeFoy v. McCulough, 393 F.3d 439, 441 (3d Cir. 2005) (citing Lane v. Williams, 455 U.S. 624, 631 (1982)). Consequently, where an ICE detainee challenges only his or her continued detention and not the underlying order of

removal, the habeas petition becomes moot upon removal from the United States. E.g., Tjandra v. Ashcroft, 110 F.App'x 290 (3d Cir. 2004).

Attached to the Respondents' suggestion of mootness is a sworn declaration provided by Michael C. Ramella, assistant field office director with the United States Department of Homeland Security, Immigration and Customs Enforcement. (Doc. 8, Ex. 1).  In this declaration, Ramella states that Department of Homeland Security records reveal Pinoth was removed from the United States to Honduras on December 19, 2014.  Id.  A search of the ICE online inmate locator system confirms that Lizeth Pinoth, detainee number A098 347 276, is no longer in ICE custody.  As the only relief sought by Pinoth was her release from ICE custody, this Court can no longer grant relief.  Therefore, the petition must be dismissed as moot.  Tjandra, 110 F.App'x at 290.

## IV. Conclusion

A review of the record reveals that Pinoth's petition for writ of habeas corpus is moot.  The petition will therefore be dismissed.

An appropriate Order will be entered.